80 So.2d 642

### TAXPAYERS AND CITIZENS OF the CITY OF MOBILE

v.

### BOARD OF COMMISSIONERS OF the CITY OF MOBILE.

1 Div. 626.

Supreme Court of Alabama.

May 26, 1955.

Carl M. Booth, State Solicitor, Geo. J. Moore and Thos. G. Greaves, Jr., Mobile, for appellants.

Fred G. Collins, Mobile, for appellee.

SIMPSON, Justice.

This is a proceeding under Title 7, §§ 169–176, Code 1940, to validate $18,000,000 worth of bonds to be issued by the City of

**600**

Mobile. The bonds are proposed to be paid by a pledge of the revenues from the Bankhead Tunnel. The money is expected to be spent in the following approximate ratios:

$11,000,000  for the paving of streets in the City of Mobile proven to be feeders, access roads and approaches to the tunnel.

2,000,000  expenses for refunding outstanding bonds and issuing proposed ones.

3,500,000  for the construction of a four-lane highway leading from the western portal of the tunnel to a point on U. S. Highway 90 outside the Mobile city limits.

300,000  modernizing the lighting system in the tube.

250,000  establishing signal devices at tube and on arterial approaches.

This appeal raises no real issues that have not already been decided by this court in validating proceedings for previous bond issues connected with the tunnel. See the cases of Taxpayers & Citizens of City of Mobile v. Board of Commissioners of City of Mobile, 252 Ala. 446, 41 So.2d 597; Chamberlain v. Board of Commissioners of City of Mobile, 243 Ala. 662, 11 So.2d 724. It was decided in those cases that the proceeds of the tunnel could be used to build or construct approaches to the tunnel. It would seem to follow that such proceeds can also be used to establish traffic signals on such approaches. It is true that part of the four-lane highway is to be constructed beyond the city limits of the City of Mobile. But we also note that the largest part of the tunnel itself is without the City of Mobile. If the City can construct a tunnel outside its city limits, it can construct a four-lane approach to such tunnel.

The decree of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.